AMSL LEGAL GROUP, LLP
Starlet J. Japp (State Bar No. 243097)
Chris C. Chapman (State Bar No. 234738)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:   949-265-9940
Facsimile:    949-236-5567

Attorneys for Defendant,
NATIONSTAR MORTGAGE LLC (erroneously sued as "Nationstar Mortgage")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNA ZBITNOFF,<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE,<br><br>           Defendant. | Case No.: 3:13-cv-05221-WHA<br><br>HON. WILLIAM ALSUP<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 13, 2014<br>Time: 8:00 a.m.<br>Ctrm.: 8 |

I.      **INTRODUCTION AND ARGUMENT**

In response to the Court's February 28, 2014 Order [Doc. 39], Defendant Nationstar Mortgage LLC ("Nationstar") is not willing to stipulate to Plaintiff filing the proposed First Amended Complaint and opposes such relief. As indicted by the Court in its February 28, 2014 Order, Plaintiff has failed to explain in her motion for leave how she has cured the deficiencies of the original complaint that was dismissed by this Court on December 19, 2013.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

1

Plaintiff was Ordered by this Court that her "motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes." [December 19, 2013 Order, Doc. 27, page 2:24-26.]. Plaintiff has not complied with the Court's December 19, 2013 Order. Plaintiff has not clearly explained how the amended complaint cures the deficiencies identified by the Court in dismissing the original complaint. Plaintiff has also failed to provide "a redlined or highlighted version" to identify all the changes. Plaintiff seeks leave to amend the original complaint (which only contained two claims for breach of contract and fraud) with a proposed first amended complaint with ten claims where nine of the claims are entirely new. Such a drastic change in the pleadings must be explained.

Plaintiff should not be granted leave to amend unless she complies with the Court's clear instructions on meeting her burden to establish that the proposed amended complaint cures the deficiencies of the original complaint. Otherwise, the amendment would be futile and should be denied as the Ninth Circuit has affirmed for similar rulings by this very Court. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) [leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal]; *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) [it was not an abuse of discretion for District Court to partially deny motion for leave to file proposed first amended complaint due to futility].

## II. CONCLUSION

For these reasons, Nationstar opposes Plaintiff's motion for leave since Plaintiff has failed to comply with the Court's clear instructions to explain how she has cured the deficiencies of the original complaint and for the very the same reasons raised by Nationstar previously-the proposed First Amended Complaint is futile.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

2

Dated:  March 6, 2014                         AMSL LEGAL GROUP, LLP

By: /s/ Chris C. Chapman
    Chris C. Chapman
    Attorneys for Defendant,
    NATIONSTAR MORTGAGE LLC

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

3