1  Anna Zbitnoff
   P.O. Box 832
2  Redwood Valley, California 95470
   Telephone: 707-489-0201
3  Email: azbitnoff@comcast.net

4  Plaintiff, In Pro Se

5

6

7                    **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9

10  ANNA ZBITNOFF,                    ) Case No.:  3:13-cv-05221-WHA
                                      )
11                                    ) **PLAINTIFF'S REPLY IN SUPPORT OF**
                                      ) **PLAINTIFF'S MOTION FOR LEAVE TO FILE**
12                Plaintiff,          ) **FIRST AMENDED COMPLAINT**
                                      )
13                                    )
                                      )
14     vs.                            )
                                      ) Date: March 20, 2014
15                                    ) Time: 8:00 a.m.
                                      ) Judge: William Alsup
16  NATIONSTAR MORTGAGE, DOES 1       ) Ctrm.: 8, 19th Floor
    THROUGH 50,                       )
17                                    ) Complaint Filed: October 9, 2013
                                      ) Trial Date: None
18                                    )
                Defendants.           )
19                                    )
                                      )
20  _____  )

21

22         Plaintiff ANNA ZBITNOFF (hereinafter "Plaintiff" or "Zbitnoff") respectfully submits this

23  Reply to defendant NATIONSTAR MORTGAGE, LLC's (hereinafter "Nationstar" or "defendant")

24  Opposition to Motion to For Leave to File Amended Complaint (the "Opposition") pursuant to the

25  Court's Order (Docket No. 42).

                              **PRELIMINARY STATEMENT**

26         Plaintiff brought an action to seek relief for a loan created by the lender who "gambled" on the

27  value of Plaintiff's real estate holdings which at the time, in the year 2005, was worth $632,787 (but

28

                                           - 1 -

now currently estimated value[1] at $564,300) and her liquid assets of $14,536 which indicated a weak cash position, for Plaintiff and a loan at the terms presented would not have been in her favor. Inconsistent and/or missing pages and sections of the Interest Only Addendum cannot be authentic and representative of terms to which Plaintiff would have agreed.  (See Exhibit 2 to Proposed Amended Complaint, Docket No. 35-1).  Furthermore, the beneficial interest in Plaintiff's loan was never effectively transferred from the original lender to defendant Nationstar.  Due to this ineffective transfer, all documents recorded in the nonjudicial foreclosure process, including the trustee's deed, are "void." Accordingly, the Court must address Plaintiff's two theories as to why the transfer of the beneficial interest to defendant Nationstar was not effective: (1) failed securitization, and; (2) defects in the recorded assignments.

Nationstar's opposition to Zbitnoff's request for leave to amend does <u>not</u> provide this Court with any legally (or factually) sound reason to deny leave to amend the complaint.  Nationstar has not – and cannot – demonstrate the presence of any adverse factors required to oppose leave to amend: undue delay, bad faith prejudice to the defendant, or futility of the amendment.  *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  In this case, Zbitnoff seeks to amend her complaint with additional facts in support of her various claims in light of the results of discovery that were only recently obtained.

Nevertheless, Nationstar, in its response seeks not only to have this request for leave to amend denied but dismissal of the action altogether based upon their recently filed Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 40) and Unilateral Case Management Statement & [Proposed] Order (Docket No. 41).  This defies common sense and the case law.  Zbitnoff should be granted leave to amend her complaint.  Logically, therefore, the Court should deny defendant's opposition.

The law has established that leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). Leave to amend will be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party.  *See, e.g., Foman v. Davis*, 371 U.S.

---

[1] www.homes.com

178, 182 (1962).  Indeed, the Court should allow leave to amend "unless there is a substantial countervailing reason." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (granting leave to amend); see also *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("unless there is substantial reason to deny leave to amend, the discretion of the district courts is not broad enough to permit denial").  The request made in this case is the first made by Zbitnoff.  Objections to leave to amend are considered on a motion to dismiss/failure to state a claim standard.  Zbitnoff has stated valid claims for fraudulent activities and has provided exhibits that would show missing sections of a contract that Zbitnoff supposedly signed.  Notary seals were also missing from documents that Zbitnoff supposedly signed.

The proposed amended complaint asserts additional facts evidencing Nationstar's actual knowledge of a fraudulent scheme and sufficiently stated claims for fraud.  Zbitnoff has also stated a sufficient claim for Intentional Misrepresentation, Negligent Misrepresentation, Invasion Of Constitutional Right To Privacy and Violation Of Civil Code§ 2923.5 and Wrongful Foreclosure: Violation Of Civil Code§ 2924 and causing harm to Zbitnoff.

## MEMORANDUM OF LAW

**I. The Claims Asserted in the Proposed Amended Complaint Are Supported by the Facts and Circumstances of the Case, thus Leave to Amend Should Be Granted**

Under, Rule 15 of the Federal Rules of Civil Procedure, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company*, 184 F.R.D. 674, 678 (M.D. Fla.1999).  Therefore, unless it appears beyond doubt that the Plaintiff cannot state a claim, leave to amend should be granted.  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).  "'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A justifying reason for denying leave to amend must be apparent.  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).  Leave to amend must be granted unless the district court provides a specific and significant reason for denial, such as undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice to the opposing party or futility of amendment. *Spanish Broad. Sys.*, 376 F.3d at 1077; *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  None

of the examples given in the *Spanish Broad Sys.* opinion justifies the denial of leave to amend in this case.

Zbitnoff's Amended Complaint is currently pending before the Court; accordingly there has been no abuse of amendments by the Plaintiff. *Spanish Broad. Sys.*, 376 F.3d at 1077. No undue delay will be caused by the amendment. *Id.* No prior amendment has been sought. Zbitnoff's request for leave was made in good faith. Id. As argued below, the amendment will not be futile. *Id.* Zbitnoff should be given leave to amend the complaint to further detail the facts evidencing Nationstar's actual knowledge of the fraudulent scheme as alleged in the complaint in support of the Zbitnoff's claims of fraud misrepresentation.

Moreover, no significant prejudice to Nationstar is likely to result from the Proposed Amended Complaint. *See Loggerhead Turtle v. Council of Volusia Cty.*, 148 F.3d 1231, 1257 (11th Cir.1998) (noting that "[a]ny amendment to an original pleading necessarily involves some additional expense to the opposing party," but adding that this will not justify denial of leave where the additional expense is "of nominal proportions") (emphasis added)).

## II. The Proposed Amended Complaint States Plausible Claims for Fraud Against Nationstar, Therefore, the Amendment Is Not Futile

The only ground for denying amendment here is futility. *Foman v. Davis*, *supra*, 371 U.S. at 182. Futility means that the amended complaint would fail to state a claim upon which relief could be granted. *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir.1986). As interpreted by the Eleventh Circuit, Zbitnoff has plausibly stated claims for fraudulent activities against Nationstar.

Courts considering requests for leave to amend have determined that the same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). However, this standard should be applied narrowly. Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980).

Zbitnoff's claims for fraud, misrepresentation and wrongful disclosure without the additional facts set forth in the Proposed Second Amended Complaint, have already been determined to be sufficiently pleaded to state a claim for which relief may be granted.  However, Zbitnoff should be given the opportunity to amend her complaint since the *Lawrence* decision has been raised. The Proposed Amended Complaint not only meets the *Iqbal* and *Twombly* standard of plausibly pleading ultimate conclusions of fact, it pleads substantial additional evidence uncovered in discovery that supports those allegations in accordance with Lawrence[2].  Zbitnoff has incorporated additional facts obtained through discovery that further support her claims for fraudulent and misrepresentation.  Therefore, this Court should reject Nationstar's objection to Zbitnoff's request to amend because it has not shown that the Proposed Amended Complaint is clearly insufficient or frivolous on its face.

**III.  Amendment Should Be Permitted.**

Plaintiff's Amended Complaint is timely and should be allowed.  The Judge's Order dated December 19, 2013 [Docket 27] allows the Plaintiff "until JANUARY 23, 2014, AT NOON, to file a motion" for leave to file an amended complaint.  This motion is being filed prior to that deadline. Furthermore, Plaintiff is within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'")

There is no prejudice to defendants and defendants have not raised any objections.  Additionally, Plaintiff's Amended Complaint does not change the nature of the lawsuit, nor are defendants precluded from seeking discovery in relation to the Amended Complaint.  All parties have yet to seek discovery. Accordingly, defendants will <u>not</u> be prejudiced by an order granting leave to file Plaintiff's Amended Complaint.

Moreover, Plaintiff offers her Amended Complaint in good faith and without undue delay.  Since filing her original complaint, Plaintiff has discovered new information regarding defendants' business practices and discrepancies in the closing documents.  This information supports Plaintiff's new claims

---

[2] Zbitnoff need not detail how the allegations in the Proposed Amended Complaint more than meet the *Twombly* and *Iqbal* standard as interpreted by the Lawrence Court; the First Amended Complaint speaks for itself.

under the relevant case laws regarding her mortgage.  See *Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, Plaintiff's Amended Complaint was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice defendants.  Consequently, none of the factors on which courts base denial of motions for leave to amend are present here.  Thus, Plaintiff's motion for leave should be granted.

**IV.  The First Amended Complaint Will Not Delay Trial.**

Courts apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings up to and including trial.  See *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 296-97; see also *Sachs, Inc.*, 151 Cal.App.3d at 484-85 (finding amendment proper four years after filing of original complaint and on the eve of trial where delay due to Defendants' untimely discovery responses).

In the present case, Plaintiff has spent a large amount of time attempting to receive basic information from Defendants.  Such basic information changes the scope of the Plaintiff's claims.

**V.  The First Amended Complaint Will Not Necessitate Added Preparation Costs**

In the present case, no trial date has been set, and the parties are still in the early stages of discovery.  Therefore, the First Amended Complaint will not necessitate any added preparation costs for defendants.

## CONCLUSION

Nationstar will <u>not</u> suffer any prejudice by the Court granting the Zbitnoff's Motion to Amend.  Moreover, discovery in this case has yet to commence and the trial in this matter has <u>not</u> been set.  Finally, this is Zbitnoff's first request for leave to amend and the amendment is not futile.  Based on the foregoing reasons, and in the interest of justice, Zbitnoff should be granted leave to amend.

WHEREFORE, Zbitnoff respectfully requests that this Court grant Motion to For Leave to File Amended Complaint to assert the claims and facts as currently known to Zbitnoff.

1

2     Dated: March 14, 2014

3

Respectfully submitted,

/s/ Anna Zbitnoff
Anna Zbitnoff
Plaintiff in Pro Se

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

United States District Court, Northern District Of California
3:13-cv-05221-WHA - *Zbitnoff v. Nationstar Mortgage, et al.*

I am a resident of the State of California, over the age of eighteen years.

On March 14, 2014, I served the

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

by electronic notice through the Court's website to the following parties currently on the list to receive e-mail notices for this case:

Christian Crutchfield Chapman
cchapman@amslca.com,ahernandez@amslca.com

Starlet Joy Japp
starlet.japp@kutakrock

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on March 14, 2014, at Redwood Valley, California.

/s/ Anna Zbitnoff
Anna Zbitnoff