**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNA ZBITNOFF,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, *et al.*,

    Defendants.

No. C 13-05221 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this foreclosure action, plaintiff moves for leave to file an amended complaint. For the reasons stated below, plaintiff's motion is **DENIED**. The hearing set for March 20 is hereby **VACATED**.

## STATEMENT

Pro se plaintiff, Anna Zbitnoff, executed a promissory note in 2005, secured by a deed of trust, to obtain a home loan from Lehman Brothers Bank, FSB (Proposed Amd. Compl., Exh. 1). Defendant Nationstar Mortgage, LLC, was substituted as the beneficiary under the deed of trust, and Sage Point Lender Services, LLC, was substituted as trustee, and later recorded a notice of trustee's sale on September 18, 2013 (RJN Exh. 4–5). Plaintiff states that a trustee sale was scheduled to be held on December 2, 2013 (Proposed Amd. Compl. ¶ 79). Neither party has

1  informed the Court whether the trustee sale occurred on that date, however, some passages of the
2  proposed amended complaint imply that it did.

3  On September 8, 2013, plaintiff sued defendant Nationstar Mortgage in state court. While
4  the form complaint was somewhat unclear, plaintiff's claims for relief included breach of
5  contract, fraud, and violations during the securitization process (Compl. 2). Following removal,
6  defendant Nationstar Mortgage moved to dismiss the action for failure to state a claim pursuant to
7  Federal Rule of Civil Procedure 12(b)(6). On December 19, 2013, defendant's motion was
8  granted.

9  On January 23, 2014, plaintiff filed this motion for leave to file an amended complaint.
10  Plaintiff would add proposed defendant Sage Point Lender Services, LLC, and dropped Does
11  1–50. The proposed amended complaint alleges ten claims for relief: (1) request for declaratory
12  judgment; (2) rescission, mistake, void agreement; (3) fraud; (4) fraudulent concealment; (5)
13  intentional misrepresentation; (6) negligent misrepresentation; (7) invasion of constitutional right
14  to privacy; (8–9) injunctive relief for violation of Sections 2923.5 and 2924 of California's Civil
15  Code; (10) consumer injury (Proposed Amd. Compl. ¶¶ 8–25).

16  Defendants originally filed a notice of nonopposition, arguing that it preferred to address
17  plaintiff's claims pursuant to a Rule 12(b)(6) motion. The Court was concerned, however, that
18  plaintiff had not addressed all of the deficiencies in her original complaint, and ordered defendant
19  to either stipulate to the proposed amended complaint or to oppose it.

20  On March 6, defendants filed an opposition to the present motion, arguing that plaintiff
21  has not identified how her amendments cure the deficiencies identified in the prior complaint.
22  Defendants chose not to address plaintiff's claims on the merits. On March 14, plaintiff filed her
23  reply.

**ANALYSIS**

25  Under Rule 15, leave to amend should be given when justice so requires. The underlying
26  purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or
27  technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). A principal limiting
28  factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an

2

1  amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir.
2  2002). Pro se complaints are held to less stringent standards than complaints drafted by attorneys.
3  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1. REQUEST FOR DECLARATORY JUDGMENT.

Plaintiff's first claim for relief is a request for declaratory judgment against defendants for "ignoring the fact that they do not have a valid security interest in Subject Property" (Proposed Amd. Compl. ¶ 78).

Declaratory relief is inappropriate where other adequate remedies are available to redress past conduct. *See Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.21 (N.D. Cal. 2005). Moreover, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties." *Philips Med. Capital, LLC v. Med. Insights Diagnostics Ctr., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007). Plaintiff's other claims appear to cover the same alleged wrongdoing as her declaratory relief claim. Accordingly, the declaratory relief claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 2. MISTAKE.

Plaintiff's second claim for relief alleges that the loan documents are voidable under the mistake doctrine. According to the complaint, plaintiff executed the loan documents based on the mistaken belief that she would remain in a "borrower/lender" relationship. "Lender knew there would be no borrower/lender relationship" (Proposed Amd. Compl. ¶ 87). Because of this mistake, plaintiff benefitted from the loan agreement far less than she thought she would.

As plaintiff does not allege that defendants were likewise mistaken, she thus seeks rescission based on a unilateral mistake of fact. To justify rescission based on unilateral mistake of fact, plaintiff must show that "the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party." *Burnett v. Regents of University of California*, 35 Cal. App. 4th 843, 855 (1995). In *Burnett*, the plaintiff failed to show a unilateral mistake justifying rescission because the plaintiff "submitted no evidence that defendant knew about his mistake and encouraged or fostered the mistake." *Ibid*.

3

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement "includ[es] 'the who, what, when, where, and how of the misconduct charged.'" *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The purpose of this heightened pleading requirement is so that defendants charged with inducing a mistake or fraud can have specific enough notice to defend against the alleged misconduct instead of simply denying they have done anything wrong. A plaintiff must show why a complained-of statement or omission is false or misleading. Rule 9(b)'s particularity requirement applies to state-law causes of action. *See Vess*, 317 F.3d at 1103.

Here, plaintiff has not pled this claim for relief with the specificity required by Rule 9(b). Nowhere in her complaint does plaintiff identify statements made by defendants that indicate that defendants were aware of plaintiff's mistaken belief, or that defendants encouraged this belief. The proposed complaint does not point to any specific discussion with defendants' representatives prior to signing the loan documents that would support the inference of being misled prior to agreeing. The proposed complaint thus does not justify rescission based on unilateral mistake of fact. Plaintiff's second claim for relief alleging a unilateral mistake of fact is, thus, **DISMISSED**.

### 3. FRAUD, FRAUDULENT CONCEALMENT, INTENTIONAL MISREPRESENTATION, AND NEGLIGENT MISREPRESENTATION.

Plaintiff's third, fourth, fifth, and sixth claims for relief allege fraud, fraudulent concealment, intentional misrepresentation, and negligent misrepresentation. Plaintiff, however, has not established in her complaint the existence of a fiduciary relationship between the parties as required by California law. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . . Liability to a borrower for negligence arises only when the lender actively participates in the financial enterprise beyond the domain of the usual money lender." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted). While the undersigned judge has found that a financial institution actively participates in the financed enterprise beyond the domain of the usual money

4

lender when it offers borrowers a loan modification and a trial-period plan, such is not the case here. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, 10-03892, 2011 U.S. Dist. LEXIS 32350, at *11 (N.D. Cal. Mar. 28, 2011); *Avila v. Wells Fargo Bank*, No. 12-1237, 2012 U.S. Dist. LEXIS 100522, at *35–37 (N.D. Cal. July 19, 2012). Unlike the defendants in *Ansanelli* and *Avila*, defendants are not alleged to have offered plaintiff a loan modification. More importantly, defendants are not alleged to have engaged in a trial period plan that might suggest active participation in the financed enterprise beyond the role of a usual money lender.

The vast majority of courts in this district have found that merely engaging in the loan modification process is a traditional money lending activity. *See, e.g.*, *Meyer v. Wells Fargo Bank, N.A.*, No. 13-3727, 2013 U.S. Dist. LEXIS 172418, at *14–15 (N.D. Cal. Dec. 6, 2013) (Judge William Alsup) (summarizing cases). So too here. Plaintiff has failed to show that defendants have a fiduciary duty to her. Thus, plaintiff's claims for fraud, fraudulent concealment, intentional misrepresentation, and negligent misrepresentation are **DISMISSED**.

    **4.**    **INVASION OF CONSTITUTIONAL RIGHT TO PRIVACY.**

Plaintiff's seventh claim for relief alleges that she provided "private information" to defendants as a requirement for obtaining a mortgage, which defendants then disclosed "without her knowledge" to third parties performing credit checks (Proposed Amd. Compl. ¶¶ 146, 150). The complaint alleges that these disclosures violated the right to privacy embedded in California's state constitution.

The California state Supreme Court has held that "the Privacy Initiative in article I, section 1 of the California Constitution creates a right of action against *private* as well as government entities." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 20 (1994) (emphasis added). "The evil addressed is government and business conduct in collecting and stockpiling unnecessary information . . . and misusing information gathered for one purpose in order to serve other purposes or to embarrass . . . ." *Ibid*. (internal citations omitted).

"[A] plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting

5

1 a serious invasion of privacy." *Id.* at 39–40. Whether a plaintiff has a reasonable expectation of
2 privacy in the circumstances and whether a defendant's conduct constitutes a serious invasion of
3 privacy are mixed questions of law and fact. If the undisputed material facts show no reasonable
4 expectation of privacy or an insubstantial impact on privacy interests, the question of invasion
5 may be adjudicated as a matter of law. *Id.* at 40.

6 Moreover, the plaintiff in an invasion of privacy action must have conducted himself or
7 herself in a manner consistent with an actual expectation of privacy, *i.e.*, he or she must not have
8 manifested by his or her conduct a voluntary consent to the invasive actions of defendant. If
9 voluntary consent is present, a defendant's conduct will rarely be deemed "highly offensive to a
10 reasonable person" so as to justify tort liability. *Id.* at 26. The presence or absence of
11 opportunities to consent voluntarily to activities impacting privacy interests obviously affects the
12 expectations of the participants. *Id.* at 37.

13 Here, plaintiff fails to plead her constitutional claim with the required specificity. Plaintiff
14 does not identify exactly what private information defendants are alleged to have disclosed in
15 relation to the credit checks or what third party obtained that information. Nor does the complaint
16 allege a specific injury. Also missing is whether plaintiff gave her consent to the disclosures.
17 Plaintiff merely states that she "had a reasonable expectation that defendants would preserve the
18 privacy of [p]laintiff's private information" (Proposed Amd. Compl. ¶ 145). As the California
19 Supreme Court has noted, if voluntary consent to the invasive action is given, a defendant's
20 conduct will rarely rise to the level necessary to constitute a constitutional violation. The
21 complaint must provide sufficient factual allegations that "raise a right to relief above the
22 speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Given the dearth of
23 factual allegations supporting plaintiff's claim, her invasion of privacy claim is **DISMISSED**.

24 **5. SECTIONS 2923.5 AND 2924.**

25 Plaintiff's eight and ninth claims for relief allege violations of California Civil Code
26 Sections 2923.5 and 2924. Plaintiff is not entitled to relief under Section 2923.5, inasmuch as it
27 appears from her complaint that the property has already been foreclosed upon. "There is nothing
28 in section 2923.5 that even hits that noncompliance with the statute would cause any cloud on

6

title after an otherwise properly conducted foreclosure sale . . . . [T]he only remedy provided is a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010). Accordingly, the Section 2923.5 claim is **DISMISSED** because plaintiff has not alleged that her property has not yet been foreclosed upon.

The complaint also alleges that "defendants engaged in an unlawful foreclosure" in violation of Section 2924 of the California Civil Code by:

> (1) Attempting to foreclosure (sic) upon Subject Property when they and the unknown beneficiary did not have the right to do so;
>
> (2) Failing to demonstrate that the beneficiary, whomever that may be, has in its possession the original of the promissory note with endorsements establishing it as the rightful owner of the note;
>
> (3) Failing to properly identify the beneficiary in the notice of default, as required by California Civil Code §2924(b)(1);
>
> (4) Failing to properly identify the beneficiary in the notice of trustee sale even after being requested to do so;
>
> (5) Failing to provide a proper §2923.5 declaration in the notice of [] default;
>
> (6) Failing to provide a proper §2923.5 declaration in the notice of trustee sale;
>
> (7) Failing to engage in loan modification or workout discussions in good faith as required by California Civil Code §2923.6;
>
> (8) Recording a notice of trustee sale on without having met all requirements;
>
> (9) Attempting to go to sale without ensuring that the beneficiary for whom the servicer and trustee represented had in its possession and was the owner of [the] original of the promissory note with endorsements;
>
> (10) Attempting to enforce an unconscionable and adhesive contract.

(Proposed Amd. Compl. ¶ 163).

Section 2924 allows "the trustee, mortgagee, or beneficiary" to file and record a notice of default and begin the foreclosure process. Section 2924, however, "does not allow plaintiffs to bring an action to determine foreclosure authority." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (stating such claims have been uniformly rejected). Thus, plaintiff's Section 2924 claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 6. CONSUMER INJURY.

Plaintiff's tenth, and final, claim for relief alleges "consumer injury." Plaintiff cites no legal or statutory authority for this claim other than "those acts cited in *FTC v. Countrywide*"

7

(Proposed Amd. Compl. ¶ 182).  Although the Court is not certain what legally cognizable claim plaintiff intends to bring, it would not be a stretch of the imagination to assume that pro se plaintiff intended to bring a claim under Section 17200 of California's Unfair Competition Law, which bars acts that are "unlawful, unfair, or fraudulent" and "*substantially injurious to consumers*" (emphasis added).

A violation of another law, however, is a predicate for stating a claim for relief under California's UCL. *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1554 (1999). As all of plaintiff's other claims for relief have been dismissed, plaintiff's UCL claim has no legs on which to stand and is, therefore, **DISMISSED**.

## CONCLUSION

Plaintiff's motion for leave to amend the complaint is **DENIED**.  The hearing set for March 20 is hereby **VACATED**.  Plaintiff will have until **APRIL 8, 2014**, to file a motion, noticed on the normal 35-day calendar, for leave to amend her claims for mistake, fraud, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, invasion of constitutional right to privacy, Sections 2923.5 of the California Civil Code, and unfair competition.  A proposed amended complaint must be appended to this motion.  Plaintiff must plead her best case.  The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes.  If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: March 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE