IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNA ZBITNOFF,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

No. C 13-05221 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this foreclosure-related action, borrower moves for leave to file an amended complaint. For the reasons stated below, the motion is **DENIED**. The hearing set for May 29 is hereby **VACATED.**

## STATEMENT

The background has been set forth in prior orders (Dkt. Nos. 27, 45). In brief, pro se plaintiff, Anna Zbitnoff, commenced this foreclosure-related action in state court. Following removal, defendant NationStar Mortgage LLC, moved to dismiss the action for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6). On December 19, that motion was granted.

Plaintiff borrowed money from Lehman Brothers Holdings Inc., secured by a deed of trust on March 31, 2006. She defaulted and a trustee sale was scheduled for May 3, 2014 (Br. 4). In this action, she is trying to recover for "wrongful foreclosure." Jurisdiction is based on federal question.

1 In January 2014, plaintiff moved to file a first amended complaint. Plaintiff's motion was
2 denied in a March 18 order, however, plaintiff was allowed to seek leave to amend her claims for
3 mistake, fraud, fraudulent concealment, intentional misrepresentation, negligent
4 misrepresentation, invasion of constitutional right to privacy, Section 2923.5 of the California
5 Civil Code, and unfair competition.

6 Pursuant to that order, plaintiff now moves for leave to file a second amended complaint
7 pursuant to the March 18 order. Defendant opposes plaintiff's motion, arguing that the proposed
8 pleading fails to state a claim and is therefore futile. Defendant further argues that plaintiff has
9 not identified how her amendments cure the deficiencies identified in the prior complaint.

10 Plaintiff would also add four proposed defendants: (1) Sage Point Lender Services, LLC;
11 (2) Citibank, N.A., as trustee for Securitized Trust Lehman XS Trust 2006-5; (3) Structured Asset
12 Securities Corporation; and (4) Aurora Loan Services LLC. The proposed second amended
13 complaint would add seven new claims for relief: (1) lack of standing/wrongful foreclosure;
14 (2) fraud in the inducement; (3) intentional infliction of emotional distress; (4) slander of title;
15 (5) quiet title; (6) violations of the Truth in Lending Act ("TILA") and the Home Ownership and
16 Equity Protection Act ("HOEPA"), 15 U.S.C. 1601, *et seq.*; 15 U.S.C. 1639, *et seq.*; and
17 (7) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601,
18 *et seq*.

**ANALYSIS**

20 Under Rule 15, leave to amend should be freely given when justice so requires. The
21 underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings
22 or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). A principal limiting
23 factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an
24 amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir.
25 2002). Pro se complaints are held to less stringent standards than complaints drafted by attorneys.
26 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

27 This order will first address the eight claims that were the subject of the March 18 order.
28 None of the previously-identified deficiencies have been cured. Repeated failure to cure

2

deficiencies in a complaint is reason enough to deny leave to amend. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). The proposed additional claims for relief all fail to state a claim. None of the claims for relief would survive a motion to dismiss; therefore, plaintiff's amendment is futile and is **DENIED**.

### 1. MISTAKE.

The proposed second amended complaint alleges that the lender "knew there would be no borrower-lender relationship" (Proposed Second Amd. Compl. ¶ 312). Because of this alleged mistake, plaintiff asserts that she benefitted from the loan agreement far less than she expected. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement "includ[es] 'the who, what, when, where, and how of the misconduct charged.'" *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The March 18 order held:

> [P]laintiff has not pled this claim for relief with the specificity required by Rule 9(b). Nowhere in her complaint does plaintiff identify statements made by defendants that indicate that defendants were aware of plaintiff's mistaken belief, or that defendants encouraged this belief. The proposed complaint does not point to any specific discussion with defendants' representatives prior to signing the loan documents that would support the inference of being misled prior to agreeing.

Plaintiff's proposed second amended complaint has not cured this deficiency as it still fails to comport with Rule 9(b)'s pleading requirement. Plaintiff again fails to allege that defendant was aware of plaintiff's mistake. Accordingly, the motion to amend is **DENIED**.

### 2. INVASION OF CONSTITUTIONAL RIGHT TO PRIVACY.

Plaintiff alleges that throughout the loan process, defendants provided her social security number, bank statements and other "identification documents" to third-party organizations for the purpose of running credit checks. This, plaintiff alleges, opened her up to the *possibility* of future identity theft.

3

Under California's state constitution, "a plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*., 7 Cal. 4th 1, 39–40 (1994).

Plaintiff has not properly alleged that her constitutional right to privacy has been invaded because there is no reasonable expectation of privacy in this instance. To make a loan, the lender needs to do a background check. To do a background check, the lender needs the information in question. As the California Supreme Court has noted, where voluntary consent to an invasive action is given, a defendant's conduct will rarely rise to the level necessary to establish a constitutional violation. *Hill*, 7 Cal. 4th at 26. Nor has plaintiff alleged a specific misuse of her private information, but merely the possibility of one occurring in the future. Plaintiff's allegations do not suffice. Accordingly, the motion to amend the claim for invasion of constitutional right to privacy is **DENIED**.

### 3. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5.

The proposed second amended complaint alleges that defendants failed to comply with Section 2923.5 of the California Civil Code when "defendants caused false declarations to be recorded in the public records" (Proposed Second Amd. Compl. ¶ 293).

Section 2923.5 of the California Civil Code provides certain requirements related to the recording of notices of default. "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale . . . . [T]he only remedy provided is a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010).

The March 18 order held that "plaintiff has not alleged that her property has not yet been foreclosed upon." Nor does the proposed second amended complaint allege the foreclosure has occurred. Instead, the motion for leave to file an amended complaint alleges that a trustee sale was scheduled for May 3, 2014 (Br. 4). Furthermore, the proposed amendment pleads no factual allegations in support of the conclusory assertion that "defendants caused false declarations to be

4

recorded in the public records" (Proposed Second Amd. Compl. ¶ 293). Accordingly, the motion to amend the claim for violation of Section 2923.5 is **DENIED**.

### 4. CONSUMER FINANCIAL INJURY.

The March 18 order held that "[p]laintiff cites no legal or statutory authority for this claim other than 'those acts cited in *FTC v. Countrywide*.'" The proposed second amended complaint cites a financial remediation framework developed by the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System as the basis of her injuries. Plaintiff brings a claim for "consumer financial injury" alleging injurious acts stemming from the denial of plaintiff's loan modification application and a failure to offer loan modification options (Proposed Second Amd. Compl. ¶ 296).

Plaintiff has failed to state a valid claim for relief. A lender is under no legal obligation to approve an application for a loan modification. Defendants are not alleged to have offered plaintiff a loan modification. More importantly, defendants are not alleged to have engaged in a trial-period plan that might suggest active participation in the financed enterprise beyond the role of a usual money lender. Accordingly, the motion to amend the claim for "consumer financial injury" is **DENIED**.

### 5. FRAUD, FRAUDULENT CONCEALMENT, FRAUD IN THE INDUCEMENT, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION.

The March 18 order held that "[p]laintiff has failed to show that defendants have a fiduciary duty to her." The decision *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted) held:

> [A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . Liability to a borrower for negligence arises only when the lender actively participates in the financial enterprise beyond the domain of the usual money lender.

The claims for fraud, fraudulent concealment, fraud in the inducement, intentional misrepresentation, and negligent misrepresentation each require a duty of care on behalf of the defendants. Again, plaintiff has failed to put forward any evidence that would demonstrate a

5

relationship other than a conventional borrower/lender relationship. Because no duty of care existed here, the motions are **DENIED**.

### 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, LACK OF STANDING/WRONGFUL FORECLOSURE, SLANDER OF TITLE, QUIET TITLE.

The proposed second amended complaint alleges that defendants' conduct — "fraudulently attempting to foreclose or claiming the right to foreclose on a property in which they have no right, title, or interest — is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community" (Proposed Second Amd. Compl. ¶ 251). The elements of the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Ditto v. JP Morgan Chase, N.A.*, No. 10-3979-WHA, 2011 U.S. Dist. LEXIS 2409, at *18 (N.D. Cal. Jan. 10, 2011) (citation omitted). To be considered outrageous, conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Ibid.*

Plaintiff's claim is defective because it is anchored to a faulty attack on the mortgage securitization process. Plaintiff's central underlying theory has been rejected by courts in this district as well as the undersigned. Neither our court of appeals nor the California Supreme Court has ruled on whether plaintiff may challenge the mortgage securitization process, but the undersigned has held, in agreement with persuasive authority from this district, that there is no standing to challenge foreclosure based on a loan's having been securitized. *See Tall v. MERS*, No. 12-05348-WHA, 2012 U.S. Dist. LEXIS 181294 (N.D. Cal. Dec. 21, 2012). This order therefore finds that plaintiff has no standing to base any of her claims for relief on the securitization process. For this reason, plaintiff's claims for (1) intentional infliction of emotional distress, (2) lack of standing/wrongful foreclosure, (3) slander of title, and (4) quiet title all fail because they depend on this faulty theory. Accordingly, these claims are **DISMISSED**.

### 7. VIOLATIONS OF TILA AND HOEPA.

The proposed second amended complaint alleges violations of TILA and HOEPA, and asserts that "[a]ny and all statutes of limitations relating to disclosures and notices required

6

1  pursuant to 15 U.S.C. [Section] 1601, *et seq.* were tolled due to defendants' failure to effectively
2  provide the required disclosures and notices" (Proposed Second Amd. Compl. ¶ 278).  Claims for
3  rescission under TILA expire "three years after the date of consummation of the transaction or
4  upon the sale of the property, whichever occurs first, *notwithstanding the fact* that the information
5  and forms required under this section *or any other disclosures required under this part have not*
6  *been delivered to the obligor . . . .*" 15 U.S.C. 1635(f) (emphasis added).  Merely asserting
7  defendants' failure to provide disclosures and notices is not enough to toll the statute.

8       In addition, damages claims under TILA and HOEPA have a one-year statute of
9  limitations that typically runs from the date the loan documents are signed.  15 U.S.C. 1640(e).
10 Equitable tolling of TILA damages claims can extend the statute of limitations, but such tolling is
11 only available if, "despite all due diligence, a plaintiff is unable to obtain vital information
12 bearing on the existence of [her] claim."  *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir.
13 2000), *overruled on different grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir.
14 2001).

15      This order holds that plaintiff has not alleged sufficient facts to support her TILA and
16 HOEPA damages claims.  Plaintiff has not established that she acted with diligence to discover
17 the basis of her TILA and HOEPA claims, which should have been apparent at the time the loan
18 documents were signed in August 2005.  Nor has plaintiff explained when she made the discovery
19 or why she was not able to timely discover defendants' alleged failure to provide the required
20 disclosures and notices.  Accordingly, the proposed amendment fails to allege any facts that
21 support the application of equitable tolling.  Absent such facts, plaintiff's TILA and HOEPA
22 claims are time-barred.  Accordingly, plaintiff's TILA and HOEPA claims are **DISMISSED**.

23     **8.**    **RESPA.**

24      The proposed second amended complaint alleges that "[d]efendants violated RESPA [12
25 U.S.C. 2601, *et seq.*] because the payments between the defendants were misleading and designed
26 to create a windfall.  These actions were deceptive, fraudulent, and self-serving" (Proposed
27 Second Amd. Compl. ¶ 290).  RESPA imposes either a one-year or a three-year statute of
28 limitations depending on the violation alleged.  12 U.S.C. 2614.  As noted above, plaintiff's loan

7

was executed in August 2005. Plaintiff's RESPA claim is barred by the statute of limitations unless equitable tolling applies. Plaintiff again fails to demonstrate a basis for equitable tolling. The proposed amendment fails to state a claim under RESPA since this claim is time-barred. Accordingly, plaintiff's RESPA claim is **DISMISSED**.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is **DENIED**. The hearing set for May 29 is hereby **VACATED**. The proposed amendments to the complaint would not enable it to survive a motion to dismiss, and therefore are futile. Plaintiff has been granted two opportunities to seek leave to amend her complaint. In that time, plaintiff has brought seventeen claims, none of which have survived a motion to dismiss. No further efforts at pleading will be allowed. This case is now over at the district court level. Please pay attention to the appeal deadlines.

**IT IS SO ORDERED.**

Dated: May 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE